IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| POTENCIANO L. AGGARAO, JR.,<br>Paqulayan Street<br>Enrile Caqayan, Philippines<br>(Currently residing at 1715 East Lombard Street,<br>Baltimore, Maryland 21223)<br><br>      Plaintiff,<br>vs. | Civil Action No. 1:11-CV-0263-CCB |
| CARGOTEC OYJ, a Finnish public limited Company (c/o Bank of New York Mellon, ADR Division, 1 Wall Street, 29th Floor, New York, New York 10286);<br><br>CARGOTEC SWEDEN, A.B., formerly MacGregor Group AB, a wholly owned subsidiary of Cargotec OYJ (Box 586, 10131 Stockholm, SVERIGE);<br><br>CARGOTEC JAPAN, LTD, formerly MACGREGOR-KAYABA, LTD., a Japanese Corporation and subsidiary of Cargotec Corporation and Kayaba Industry Co., Ltd. (9F, Suzue Baydium, 1-15-1, Kaigan, Minato-ku Tokyo 105-0022 Japan);<br><br>KAYABA INDUSTRY CO., LTD., trading as KYB, a U.S. Registered Trademark (wordmark) (5790 Katella Avenue, Cypress, California 90630);<br><br>NISSAN DIESEL AMERICA, INC., now known as and its successor-by-name-change, UD TRUCKS NORTH AMERICA, INC., (7900 National Service Road, ATTN: Larry Slakter, Greensboro, NC 27409-9416) | |

461510v.1

NISSAN DIESEL MOTOR CO., LTD., now known as and its successor-by-name-change, UD TRUCKS CORPORATION, a U.S. Registered Trademark (wordmark) (c/o Birch, Stewart, Kolasch & Birch, LLP, P.O. Box 747 Falls Church, VA 22040-0747)

JOHN DOE "C"; and

JOHN DOE "J"

       Defendants
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CARGOTEC OYJ, a Finnish public limited Company (c/o Bank of New York Mellon, ADR Division, 1 Wall Street, 29th Floor, New York, New York 10286);

CARGOTEC SWEDEN, A.B., formerly MacGregor Group AB, a wholly owned subsidiary of Cargotec OYJ (Box 586, 10131 Stockholm, SVERIGE);

CARGOTEC JAPAN, LTD, formerly MACGREGOR-KAYABA, LTD., a Japanese Corporation and subsidiary of Cargotec Corporation and Kayaba Industry Co., Ltd. (9F, Suzue Baydium, 1-15-1, Kaigan, Minato-ku Tokyo 105-0022 Japan);

      Third Party Plaintiffs

v.

MOL SHIP MANAGEMENT CO., LTD.

NISSAN MOTOR CAR CARRIER CO., LTD.

WORLD CAR CARRIERS, INC.,

      Third Party Defendants

461510v.1

## THIRD PARTY COMPLAINT

COMES NOW, Defendants/Third Party Plaintiffs, Cargotec OYJ, Cargotec Sweden, A.B. and Cargotec Japan, LTD. (hereinafter "Cargotec"), by their attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, and bring this Third Party Complaint against Third Party Defendants MOL Ship Management Co., Ltd., Nissan Motor Car Carrier Co., Ltd., World Car Carriers, Inc., and for cause state as follows:

## FACTS

1. Plaintiff filed his initial Complaint in the U.S. District Court for the District of Maryland on August 4, 2011, thereafter filed a First Amended Complaint on November 22, 2011, and then filed a Second Amended Complaint on July 31, 2012, alleging Maritime Tort (Negligence, Carelessness, Recklessness and Wanton Conduct, and Breach of Warranty); Maritime Tort (Post-Sale Negligence, Carelessness, Recklessness and Wanton Conduct); and Maritime Products Liability- Strict Liability in Tort and Breach of Warranty. *See Second Amended Complaint, attached as Exhibit 1.* The Second Amended Complaint alleges serious injuries sustained by Plaintiff was working aboard the Motor Vessel Asian Spirit, while it was in navigation on the Chesapeake Bay near Hooper's island en route to the Port of Baltimore, within the territorial waters of the State of Maryland on August 13, 2008. The Second Amended Complaint names as defendants, Cargotec OYJ, Cargotec Sweden, A.B. and Cargotec Japan, LTD., Kayaba Industry Co., Ltd., Nissan Diesel America, Inc., Nissan Diesel Motor Co., Ltd., JOHN DOE "C"; and JOHN DOE "J," and seeks damages in excess of $75,000, plus interests, costs and punitive damages for each Count.

2. Cargotec filed its Answer to the Second Amended Complaint on January 14, 2013. *See Answer, attached as Exhibit 2.*

3. Cargotec denies all liability in this matter, and further disputes the damages alleged by Plaintiff; however, in the event of a finding of liability in favor of the Plaintiff, Cargotec alleges that any and all liability and resulting damages are attributable to Third Party Defendants MOL Ship Management Co., Ltd., Nissan Motor Car Carrier Co., Ltd., World Car Carriers, Inc., as the technical manager, chartering organization and owner of the Motor Vessel Asian Spirit.

4. Upon information and belief, MOL Ship Management Co., Ltd. is, or was at all times relevant to the Complaint, a Japanese corporation, with its principal place of business in Japan. At the time of Mr. Aggarao's injury in August 2008, MOL Ship Management Co., Ltd. was the technical manager of the Motor Vessel Asian Spirit, and actively engaged in and transacted business within the State of Maryland, and ultimately caused tortious injury therein when the Motor Vessel Asian Spirit was within the territorial waters of the State of Maryland. There is specific personal jurisdiction over Third Party Defendant MOL Ship Management Co., Ltd. under the Maryland Long Arm Statute, Md. Cod Ann., Courts And Judicial Proceedings § 6-103(b)(1-4) (2012), in addition to any other bases for exercise of general personal jurisdiction over this third party defendant.

5. Upon information and belief, Nissan Motor Car Carrier Co., Ltd. is, or was at all times relevant to the Complaint, a Japanese Corporation which is in the business of chartering ocean-going vessels involved in the carriage of motor vehicles in international trade. At the time of Mr. Aggarao's injury in August 2008, Nissan Motor Car Carrier Co., Ltd. was the time charterer of the Motor Vessel Asian Spirit and actively engaged in and transacted business within the State of Maryland, and ultimately caused tortious injury therein when the Motor Vessel Asian Spirit was within the territorial waters of the State of Maryland. There is specific personal jurisdiction over Third Party Defendant Nissan Motor Car Carrier Co., Ltd. under the Maryland Long Arm Statute, Md. Cod Ann., Courts And Judicial

Proceedings § 6-103(b)(1-4) (2012), in addition to any other bases for exercise of general personal jurisdiction over this third party defendant.

6. Upon information and belief, World Car Carriers, Inc. is, or was at all times relevant to the Complaint, a Liberian corporation and is, or was the registered owner of the Motor Vessel Asian Spirit. Third Party Defendant World Car Carriers, Inc. actively engaged in and transacted business within the State of Maryland, and ultimately caused tortious injury therein when the Motor Vessel Asian Spirit was within the territorial waters of the State of Maryland. There is specific personal jurisdiction over Third Party Defendant World Car Carriers, Inc. to the Maryland Long Arm Statute, Md. Cod Ann., Courts And Judicial Proceedings § 6-103(b)(1-4) (2012), in addition to any other bases for exercise of general personal jurisdiction over this third party defendant.

7. This Third Party Complaint, which seeks a finding of liability and/or indemnification and contribution, is brought pursuant to Rule 14(a) of the Federal Rules of Civil Procedure.

### COUNT I - Negligence

8. Cargotec incorporates by reference the allegations contained in paragraphs 1 through 8 of the Third Party Complaint as if fully set forth herein.

9. Third Party Defendants MOL Ship Management Co., Ltd., Nissan Motor Car Carrier Co., Ltd., World Car Carriers, Inc. managed, chartered and owned the Motor Vessel Asian Spirit and its equipment and accessories, including, but not limited to, the Mobile Deck Lifter(s) to which reference is made in plaintiff's Complaint and caused it to be within the territorial waters of the State of Maryland. When Third Party Defendants did so, they had a duty to ensure that the vessel and its equipment and accessories, including, but not limited to, the Mobile Deck Lifter(s) to which reference is made in plaintiff's Complaint, were being maintained at all times under safe conditions and operated in a safe and

461510v.1

reasonable manner such that the injuries alleged by Plaintiff would not occur under ordinary conditions. Third Party Defendants negligently, recklessly and with other culpability breached their duty.

10. Despite Cargotec's denial of liability in this matter, Plaintiff's allegations against Cargotec are the result of the negligence, recklessness and culpability of Third Party Defendants, including but not limited to its failure to ensure that the vessel and its equipment and accessories, including, but not limited to, the Mobile Deck Lifter(s) to which reference is made in plaintiff's Complaint, were being maintained at all times under safe conditions and operated in a safe and reasonable manner such that the injuries alleged by Plaintiff would not occur under ordinary conditions.

**WHEREFORE,** Defendants/Third Party Plaintiffs hereby demand judgment from Third Party Defendants for all sums that may be awarded against Cargotec, as well as costs and reasonable attorneys' fees.

### COUNT II

### (INDEMNIFICATION/CONTRIBUTION)

11. Defendants/Third Party Plaintiffs adopts and incorporates herein by reference the allegations set forth paragraphs 1 through 11 of this Third Party Complaint.

12. If Plaintiff has sustained injuries, losses, and damages, as alleged in his Complaint, then said injuries, losses, and damages, if any, were sustained as a result of the direct and active negligence, recklessness or other culpability of Third Party Defendants and their agents, servants, and employees, who breached the duties each owed to Plaintiff.

13. As a direct and proximate cause of the active negligence of Third Party Defendants and its agents, servants, and employees, Third Party Defendants have a duty to indemnify Defendant and/or contribute to any damages or judgment owed/paid by Defendants/Third Party Plaintiffs to Plaintiff.

14.    Defendants/Third Party Plaintiffs seek indemnity and/or contribution for any damages or injuries caused by virtue of any and all statutory, common law, and/or contractual duties and obligations breached by Third Party Defendant and their agents, servants, and employees.

WHEREFORE, Defendants/Third Party Plaintiffs demand that Third Party Defendants: (1) indemnify Defendants/Third Party Plaintiffs for any judgment entered against it, (2) pay any judgment that may be entered against Defendants/Third Party Plaintiffs for Plaintiff's injuries, damages, losses, claims, expenses, attorney's fees, (3) pay its portion of contribution for any judgment entered against it and (4) pay Defendants/Third Party Plaintiffs for any and all expenses, attorney's fees, and costs, Defendants/Third Party Plaintiffs incur in defending the claims brought against them by Plaintiff and prosecuting this Third Party Complaint against Third Party Defendants.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP

BY:      /s/
Angela W. Russell  (Federal Bar I.D. No.: 15227)
Brigitte J. Smith (Federal Bar I.D. No. 28426)
500 East Pratt Street, Suite 600
Baltimore, MD 21202
Tel: (410) 539-1800
Fax: (410) 962-8758

and

Rosario M. Vignali (Admitted *Pro Hac Vice*)
Francis Manchisi (Admitted *Pro Hac Vice*)
3 Gannett Drive
White Plains, NY 10604-3407
Tel: (914) 323.7000
Fax: (914)323-7001
*Attorneys for Defendant
Cargotec OYJ, Cargotec Sweden, A.B. and Cargotec Japan, LTD.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of January, 2013, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>David W Skeen, Esquire
>Wright Constable and Skeen LLP
>100 N Charles St 16th Fl
>Baltimore, MD 21201
>dskeen@wcslaw.com

>Joseph P Moschetta, Esquire
>Stephen Patrick Moschetta, Esquire
>The Moschetta Law Firm, PC
>Court Square Bldg
>28 West Cherry Ave
>Washington, PA 15301
>jpm@moschettalaw.com
>spm@moschettalaw.com

>Paul T Hoffman, Esquire
>Hofmann and Schweitzer
>360 West 31st St Ste 1506
>New York, NY 10001
>paulhofmann@hofmannlawfirm.com

>James W Bartlett, III, Esquire
>Semmes Bowen and Semmes PC
>25 S Charles St Ste 1400
>Baltimore, MD 21201
>jbartlett@semmes.com

>/s/ Brigitte J. Smith
>Brigitte J. Smith