IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARGOTEC OYJ, *et al.* :
:
:
v. : Civil No. CCB-11-2163
:
:
MOL SHIP MANAGEMENT CO., LTD., :
*et al.* :
:

### **MEMORANDUM**

Plaintiff Potenciano L. Aggarao, Jr. ("Aggarao") sustained severe injuries aboard the M/V Asian Spirit after he was crushed between a pillar inside the ship and a mobile deck lifting machine designed and manufactured by defendants Cargotec OYJ, Cargotec Sweden, A.B., and Cargotec Japan, Ltd. (collectively, "Cargotec"). Following his injuries, he filed claims sounding in strict products liability against Cargotec. Then, pursuant to Fed. R. Civ. P. 14(a), Cargotec filed a third-party complaint against MOL Ship Management Co., Ltd., Nissan Motor Car Carrier Co., Ltd., and World Car Carriers, Inc. (collectively, "the Vessel Interests"), which managed, chartered, and owned the M/V Asian Spirit, respectively. On March 13, 2014, the court granted the Vessel Interests' motion to dismiss Cargotec's third-party complaint. Now pending before the court is Cargotec's motion to reconsider the dismissal of its third-party complaint.

"There are three circumstances in which the district court can grant a Rule 59(e) motion [to alter or amend a judgment]: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or *prevent manifest injustice*." *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (emphasis added) (citation and internal quotation marks omitted).

1

Cargotec argues that the court's March 13, 2014, Order results in manifest injustice because "[t]wo parties to a contract cannot 'contract away' the rights of a third party who has not signed the contract or otherwise agreed to be bound by it." (Cargotec Mot., ECF No. 128-1, at 2 (emphasis omitted).) According to Cargotec, the court "essentially did just that when it, in effect, held that the Philippine Overseas Employment Administration ("POEA") contract entered into between plaintiff Aggarao and MOL could work to deprive Cargotec of contribution rights against the Vessel Interests." (*Id.*)

In its March 13, 2014, Opinion, the court reasoned that Cargotec's contribution claim must be dismissed as derivative of Aggarao's direct claims against the Vessel Interests, which were barred pursuant to the POEA Contract. Under the POEA Contract, Aggarao's exclusive remedy against the Vessel Interests was arbitration in the Philippines. Because Aggarao could not have proceeded in this case against the Vessel Interests, Cargotec could not seek contribution from them. The court further explained that the POEA Contract was not simply a voluntary contract of employment; rather, it was analogous to U.S. workers' compensation statutes. Accordingly, the court placed no significance on the fact that Cargotec was not a signatory to the POEA Contract, reasoning that tort defendants need not agree to workers' compensation statutes to lose their right of contribution from covered employers because of those laws.

In its motion for reconsideration, Cargotec reiterates that it was not a signatory to the POEA Contract. Cargotec does not, however, offer new facts, or point to any change in law, to explain how the POEA Contract is simply a voluntary contract of employment. As explained above, because the POEA Contract is akin to U.S. workers' compensation statutes, Cargotec's status as a nonsignatory holds no significance.

Cargotec's motion, therefore, will be denied by a separate Order which follows.

<u>June 11, 2014</u>                                                              <u>            /s/            </u>
Date                                                                                  Catherine C. Blake
                                                                                      United States District Judge